**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com
*- additional counsel on signature page -*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE WALSH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PATTERN ENERGY GROUP, INC., MICHAEL M. GARLAND, and MICHAEL J. LYON,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Terence Walsh ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against the Defendants named herein, alleges the following based upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Pattern Energy Group, Inc. ("Pattern" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired common shares of Pattern between May 9, 2016 and November 4, 2016, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

2.      Pattern operates as an independent power company that owns and operates power projects in the United States, Canada, and Chile. As of October 18, 2016, the Company had a portfolio of 18 wind power projects with a total owned capacity of 2,644 MW. Pattern sells electricity and renewable energy credits primarily to local utilities and local liquid independent system organizations markets.

3.      The Company was founded in 2012 and is headquartered in San Francisco, California. Pattern's common stock trades on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "PEGI."

4.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Pattern's operations were deficient with respect to various transaction, process level, and monitoring controls; (ii) as a result, Pattern lacked effective internal financial controls; and (iii) as a result of the foregoing, Pattern's public statements were materially false and misleading at all relevant times.

5.      On November 7, 2016, Pattern announced its financial and operating results for the quarter ended September 30, 2016 and disclosed a material weakness in internal controls over financial reporting.  Pattern stated, in relevant part:

2

[M]anagement believes that the Company's internal control over financial reporting was not effective as of September 30, 2016, due to the aggregation of internal control deficiencies related to the implementation, design, maintenance and operating effectiveness of various transaction, process level, and monitoring controls.  These deficiencies largely have arisen during fiscal 2016 because of growth of the Company, increases in employee headcount to support growth, and frequent changes in organizational structure were not adequately supported by elements of its internal control over financial reporting.

6.     On this news, Pattern's share price fell $0.76, or 3.52%, to close at $20.86 on November 7, 2016.

7.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

10.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Pattern's principal executive offices are located within this Judicial District.

11.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

3

## PARTIES

12.     Plaintiff, as set forth in the accompanying Certification, purchased shares of Pattern's common stock at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

13.     Defendant Pattern Energy Group, Inc. is incorporated in Delaware, and the Company's principal executive offices are located at Pier 1, Bay 3, San Francisco, California 94111.  Pattern's common stock trades on the NASDAQ under the ticker symbol "PEGI."

14.     Defendant Michael M. Garland has served at all relevant times as the Company's Chief Executive Officer, President, and Director.

15.     Defendant Michael J. Lyon has served at all relevant times as the Company's Chief Financial Officer.

16.     The Defendants referenced above in ¶¶ 14-15 are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

17.     Pattern operates as an independent power company that owns and operates power projects in the United States, Canada, and Chile. As of October 18, 2016, the Company had a portfolio of 18 wind power projects with a total owned capacity of 2,644 MW. Pattern sells electricity and renewable energy credits primarily to local utilities and local liquid independent system organizations markets.

### Materially False and Misleading Statements Issued During the Class Period

18.     The Class Period begins on May 9, 2016, when Pattern issued a press release and filed a Current Report on Form 8-K with the SEC, announcing certain of the Company's financial and

4

operating results for the quarter ended March 31, 2016 (the "Q1 2016 8-K").  For the quarter, Pattern reported a net loss of $23.67 million, or $0.32 per diluted share, on revenue of $87.64 million, compared to a net loss of $19.90 million, or $0.30 per diluted share, on revenue of $64.87 million for the same period in the prior year.

19.    On May 9, 2016, Pattern also filed a Quarterly Report on Form 10-Q with the SEC (the "Q1 2016 10-Q").  The Q1 2016 10-Q reiterated the financial and operating results announced in the Q1 2016 8-K and reported in full the Company's financial and operating results for the quarter ended March 31, 2016.

20.    The Q1 2016 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that the financial information contained in the Q1 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

21.    On August 5, 2016, Pattern issued a press release and filed a Current Report on Form 8-K with the SEC, announcing certain of the Company's financial and operating results for the quarter ended June 30, 2016 (the "Q2 2016 8-K").  For the quarter, Pattern reported a net loss of $3.22 million, or $0.04 per diluted share, on revenue of $93.44 million, compared to net income of $14.32 million, or $0.15 per diluted share, on revenue of $84.67 million for the same period in the prior year.

22.    On August 5, 2016, Pattern also filed a Quarterly Report on Form 10-Q with the SEC (the "Q2 2016 10-Q").  The Q2 2016 10-Q reiterated the financial and operating results announced in the Q2 2016 8-K and reported in full the Company's financial and operating results for the quarter ended June 30, 2016.

23.    The Q2 2016 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the Q2 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

5

24.     The statements referenced in ¶¶ 18-23 above were materially false and/or misleading because they misrepresented and/or failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Pattern's operations were deficient with respect to various transaction, process level, and monitoring controls; (ii) as a result, Pattern lacked effective internal financial controls; and (iii) as a result of the foregoing, Pattern's public statements were materially false and misleading at all relevant times.

### The Truth Emerges

25.     On November 7, 2016, Pattern announced its financial and operating results for the quarter ended September 30, 2016 and disclosed a material weakness in internal controls over financial reporting.  Pattern stated, in relevant part:

> [M]anagement believes that the Company's internal control over financial reporting was not effective as of September 30, 2016, due to the aggregation of internal control deficiencies related to the implementation, design, maintenance and operating effectiveness of various transaction, process level, and monitoring controls.  These deficiencies largely have arisen during fiscal 2016 because of growth of the Company, increases in employee headcount to support growth, and frequent changes in organizational structure were not adequately supported by elements of its internal control over financial reporting.

26.     On this news, Pattern's share price fell $0.76, or 3.52%, to close at $20.86 on November 7, 2016.

27.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Pattern common shares traded on the NASDAQ during the Class Period (the "Class") and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

29.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Pattern common stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Pattern or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

30.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

32.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of Pattern;
- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- whether the Individual Defendants caused Pattern to issue false and misleading SEC filings and public statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;
- whether the prices of Pattern common shares during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;
- Pattern common shares are traded in efficient markets;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NASDAQ, and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's common shares; and
- Plaintiff and members of the Class purchased and/or sold Pattern common shares between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

35.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

36.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I
### Violation of Section 10(b) of the Exchange Act and Rule 10b-5
### <u>Against All Defendants</u>

37.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

39.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Pattern securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Pattern securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

40.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly reports, SEC filings, and press releases described above, which were designed to influence the market for Pattern securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the condition of Pattern's business.

41.     By virtue of their positions at Pattern, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

42.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers of Pattern, the Individual Defendants had knowledge of the details of Pattern's internal affairs.

43.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Pattern.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Pattern's business practices.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Pattern securities was artificially inflated throughout the Class Period.  In ignorance of

the adverse facts concerning Pattern's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Pattern securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

44.     During the Class Period, Pattern securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Pattern securities at prices artificially inflated by Defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Pattern securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Pattern securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

45.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

46.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

**COUNT II**
**Violation of Section 20(a) of the Exchange Act**
**Against The Individual Defendants**

47.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.     During the Class Period, the Individual Defendants participated in the operation and management of Pattern, and conducted and participated, directly and indirectly, in the conduct of Pattern's business affairs.   Because of their senior positions, they knew the adverse non-public information about Pattern's business practices.

49.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Pattern's financial condition and results of operations, and to correct promptly any public statements issued by Pattern which had become materially false or misleading.

50.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Pattern disseminated in the marketplace during the Class Period concerning Pattern's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Pattern to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Pattern within the meaning of Section 20(a) of the Exchange Act.   In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Pattern securities.

51.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Pattern.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post- judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: November 11, 2016

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:   (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com
E-mail: mgorrie@pomlaw.com

**POMERANTZ LLP**

13

Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
E-mail: pdahlstrom@pomlaw.com

**GOLDBERG LAW PC**
Michael Goldberg
Brian Schall
1999 Avenue of the Stars
Los Angeles, California 90067
Suite 1100
Telephone: 1-800-977-7401
Fax: 1-800-536-0065
Email:  michael@goldberglawpc.com
brian@goldberglawpc.com

***Attorneys for Plaintiff***

14

# Plaintiff's Certification

I, Terence Walsh, certify that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not purchase the security that is the subject of the complaint at the direction of

plaintiff's counsel or in order to participate in any private action arising under this title.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including

providing testimony at deposition and trial, if necessary.

4. Plaintiff's transactions in the security that is the subject of the complaint during the

class period specified in the complaint are as follows:

I bought 300 shares on 08/16/2016 at $23.00
I bought 100 shares on 09/09/2016 at $24.00
I bought 100 shares on 09/13/2016 at $23.50
I bought 500 shares on 09/16/2016 at $23.00

5. Plaintiff has not sought to serve, or served, as a representative party on behalf of a class under

this title during the 3-year period preceding the date on which this certification is signed, except

as follows:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of a class

beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: 11/10/2016



(redacted)

**PATTERN ENERGY GROUP INC (PEGI)**　　　　　　　　　　**Walsh, Terence**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 08/16/2016 | Purchase | 300 | $23.0000 |
| 09/09/2016 | Purchase | 100 | $24.0000 |
| 09/13/2016 | Purchase | 100 | $23.5000 |
| 09/16/2016 | Purchase | 500 | $23.0000 |