**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TERENCE WALSH,**<br><br>      **Plaintiff,**<br><br>   v.<br><br>**PATTERN ENERGY GROUP, INC.,** *et al.*,<br><br>      **Defendants.** | Case No.: 16-CV-6560 YGR<br><br>**ORDER GRANTING UNOPPOSED MOTION OF FRANK ROWE MICHELS AND ROBERT KEZER FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**<br><br>**DKT NO. 15, 24** |

Presently before the Court is the motion of Plaintiffs Frank Rowe Michels and Robert Kezer to: (1) appoint Michels and Kezer as Lead Plaintiffs on behalf of all persons who purchased or otherwise acquired securities of Pattern Energy Group, Inc. between May 9, 2016, and November 4, 2016, inclusive; and (2) approving Lead Plaintiffs' selection of Pomerantz LLP as Lead Counsel for the Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B) (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure. (Dkt. No. 24.) The motion was filed January 10, 2017, and is unopposed. No other party has sought to be approved as lead counsel in this matter.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **GRANTS** the Motion to Appoint Lead Plaintiffs and Approve Selection of Counsel.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **February 14, 2017**. This Order likewise rules on the parties' stipulated request to extend the dates for responding to the complaint and the case management conference. (Dkt. No. 15.)

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).  Under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, on November 11, 2016, counsel for plaintiff in the above-captioned action caused a notice (the "Notice") to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors in Pattern securities that they had until January 10, 2017 to file a motion to be appointed as Lead Plaintiff.  (*See* Declaration of Jennifer Pafiti in Support of the Motion by Frank Rowe Michels and Robert Kezer for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Pafiti Decl."), Exh. A.)

Based upon the matters submitted in connection with the motion: (1) Michels and Kezer are the presumptively most adequate lead plaintiffs, as defined by the PSLRA, due to their alleged losses of approximately $18,776, suffered in connection with their purchases of Pattern common stock, as alleged in the action; and (2) Michels and Kezer have made a *prima facie* showing sufficient to satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as their claims as alleged are typical of other putative class members' claims, and the record before the Court indicates that they will fairly and adequately represent the putative class.

The PSLRA further vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v).  Here, Michels and Kezer have

selected Pomerantz as Lead Counsel, and that firm appears to be experienced, well-qualified counsel.

Therefore, the motion is **GRANTED**.

The Court further **ORDERS** that defendants shall meet and confer with Lead Counsel within 14 days of this Order to discuss whether any amended complaint will be filed. If the operative complaint will not be amended, Defendants shall file their response to the complaint within 28 days of this Order.

The case management conference, currently set for February 13, 2017, is **CONTINUED** to **April 24, 2017**, at 2:00 p.m. in Courtroom 1, Federal Courthouse, Oakland, California.

This terminates Docket Nos. 15 and 24.

**IT IS SO ORDERED**.

Date: January 31, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3